UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | **DEFENDANT'S SENTENCING MEMORANDUM** |
| v. | |
| | Case No.: 23-CR-398 (CKK) |
| ALBERT CIARPELLI, | |
| Defendant. | |

## INTRODUCTION

The defendant entered into a written Plea Agreement with the government and duly entered a plea of guilty on January 4, 2024 to the one count information in Case No.: 23-CR-398 (CKK), which charged him with Entering and Remaining in a Restricted Building or Grounds in violation of 18 U.S.C. § 1752(a)(1). Mr. Ciarpelli is scheduled to be sentenced on May 6, 2024, at 3:00 p.m. before The Honorable Colleen Kollar-Kotelly. United States Probation Officer Robert Cywinski prepared a Presentence Investigation Report (PSR). The PSR states the total offense level is 2 and Mr. Ciarpelli's criminal history category is I. The guideline imprisonment range on is 0 to 6 months. This sentencing memorandum is submitted on behalf of Mr. Ciarpelli to assist the Court's review of the sentencing guidelines.

## SENTENCING FACTORS

### I.      Application of the guidelines

As the Court is aware, after *United States v. Booker, 125 S.Ct. 738 (2005),* the United States Sentencing Guidelines no longer have mandatory supremacy in the calculation of a Defendant's sentencing but are to be considered along with the controlling statutory authority of 18 U.S.C. § 3553(a). The Court is obligated to impose a sentence sufficient, but not greater than necessary, to comply with the following non-exclusive list of policy concerns:

1

a.    The nature and circumstances of the offense and the history and characteristics of the defendant;

b.    The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; *and* to afford adequate deterrence to criminal conduct; *and* to protect the public from further crimes of the defendant; *and* to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

c.    The kinds of sentences available;

d.    The kinds of sentence and the sentencing range established by the Sentencing Guidelines;

e.    Any pertinent policy statement established by the Sentencing Guidelines;

f.    The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;

g.    The need to provide restitution to any victims of the offense.

II.    **18 U.S.C. § 3553(a) application to the facts and circumstances of this case**

**Circumstances of Offense**

On January 6, 2021, Mr. Ciarpelli unlawfully entered and remained unlawfully in the United States Capitol in violation of 18 U.S.C. § 1752(a)(1). On January 8, 2021, two days after the January 6, 2011 incident, Mr. Ciarpelli was identified as one of the participants in the January 6 incident at the Capitol through photographs posted of him on the internet.

That same day, Mr. Ciarpelli contacted my office and we were in contact with the United States Marshal Service and, in turn, the FBI. On January 10, 2021, Mr. Ciarpelli submitted to a voluntary interview with the FBI with counsel present. Mr. Ciarpelli accepted responsibility for his

conduct immediately and identified himself in several photographs inside the Capitol building. Mr. Ciarpelli also confirmed that he had travelled to Washington, D.C. on January 5, 2021. Mr. Ciarpelli voluntarily turned over his cell phone to the two FBI agents who interviewed him and allowed them access to the contents of his phone.

**History and Characteristics of the defendant**

Mr. Ciarpelli is a 68-year-old married father of two adult children and three grandchildren. After graduating from high school, Mr. Ciarpelli enlisted in the United States Marine Corp. where he achieved the rank of Lance Corporal. Mr. Ciarpelli was honorably discharged from the Marine Corp. in 1975.

As noted in the presentence report (p. 11, ¶ 46 – 48), Mr. Ciarpelli has no criminal history. The likelihood of recidivism of Mr. Ciarpelli is low, based upon his criminal history and his age. In December 2017, the United States Sentencing Commission published a report, "The Effects of Aging on Recidivism Among Federal Offenders."[1] In this report, the rearrest rate of recidivism for those who were sentenced to probation or fine only was 15% of those over the age of 60 (Fig. 23).

**Sentence imposed to reflect the seriousness of offense, promote respect for the law and provide punishment for the offense, adequate deterrence and protect the public**

a.      Based upon a total offense level of 2 and a criminal history category of I, the guideline imprisonment range is 0 to 6 months. United States Probation Department calculates Mr. Ciarpelli's total offense level to be 2. After determining the defendant meets the criteria at USSG §§ 4C1.1(a)(1)-(10) and therefore is a Zero-Point Offender and reducing the offense level by two. We disagree with the Government's position that Mr. Ciarpelli does not meet the requirements for the

---

1 Hunt, K. S., & Easley, B. (2017, December). The effects of aging on recidivism among federal offenders. https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2017/20171207_Recidivism-Age.pdf

§4C1.1 adjustment based upon based upon the Government's contention that Mr. Ciarpelli's conduct was violent. The defense agrees with the United States Probation Department's pre-sentence memorandum which reduces his offense level by two under USSG § 4C1.1(a)(1-10).

Other circumstances to consider in determining whether the court should depart under this policy statement, the court may consider the defendant's mental and emotional conditions, employment record, record of prior good works, motivation for committing the offense and efforts to mitigate the effects of the offense.

Grounds for departure include unidentified circumstances where "- A departure may be warranted in the exceptional case in which there is present a circumstance that the Commission has not identified in the guidelines but that nevertheless is relevant to determining the appropriate sentence." (*See* 5K2.0(a)(2)(B) Grounds for Departure (Policy Statement) Unidentified Circumstances).

Mr. Ciarpelli is 68 years old and is not a risk for recidivism. He expressed remorse for his involvement in this matter almost immediately. Again, Mr. Ciarpelli voluntarily met with members of the FBI who were investigating this matter and cooperated with them. Since Mr. Ciarpelli's arrest in this matter. Albert has reported to pretrial services as directed and has had no violations. The Pretrial Services Agency for the District of Columbia filed five status reports. (See Doc. 17, 22, 32, 63 and 64). Mr. Ciarpelli was in compliance with pretrial services with no violations.

Mr. Ciarpelli has not engaged in any conduct as cited in the Government's Sentencing Memo, where the Government states that, "individuals, including defendant's who have been sentenced, continue to propagate the same visceral sentiments which motivated the attack" in citing *United States v. Little,* 21-cr-315 (RCL), ECF No. 73 at 4 (Gov't Sent Memo, p. 13). Mr. Ciarpelli

has not engaged in any similar conduct or similar sentiment since he turned himself in to law enforcement on January 10, 2021.

Mr. Ciarpelli is not alleged to have damaged any property or committed any acts of violence. The Government uses photographs that show his hand on a bike rack and suggests that Mr. Ciarpelli was pushing said bike rack towards law enforcement. The photographs reflect the fact that Mr. Ciarpelli was in a large crowd of people who were pushing their way toward the Capitol. While he did enter the Capitol on two separate occasions, neither time after entering the Capitol did he commit any violence nor did he destroy property.

*Deterrence*

The Government states in its sentencing memo… "[d]eterrence encompasses two goals: general deterrence, or the need to deter crime generally, and specific deterrence, or the need to protect the public from further crimes by this defendant. 18 U.S.C. § 2553(a)(2)(B-C), *United States v. Russell*, 600 F.3d 631, 637 (D.C. Cir. 2010)." (Gov't Sent Memo p. 16). The need for general deterrence weighs heavily in favor of probation in this case. Mr. Ciarpelli is a 68-year-old veteran who has never been arrested before. General deterrence is addressed by a sentence of probation.

A person's age is a powerful factor in deterring crime. Even though individuals who commit crimes at the highest rates begin to change their criminal behavior as they age. The data shows a steep decline at about age 35. A more severe (i.e. lengthy) prison sentence for convicted individuals who are naturally aging out of crime does achieve the goal of punishment and incapacitation but that incapacitation is a costly way to deter future crimes by aging individuals who are already less likely to commit those crimes by virtue of age. See Sampson, Robert J., John H. Lob, and E.P. Egelston "On "the Robustness and Validity of Groups" Journal of Quantitative Criminology 20(1) (2004): 37-42.

The need to provide specific deterrence for Mr. Ciarpelli also weighs in favor of a term of probation. The Government describes Mr. Ciarpelli as one of the most culpable misdemeanor January 6 defendants. Mr. Ciarpelli did not commit any acts of violence or destroy any property after he entered the Capitol.

### THE NEED TO AVOID UNWARRANTED SENTENCING DISPARITIES

Hundreds of individuals have been charged for their roles in this breach of the Capitol. In its sentencing memorandum, the Government seeks to urge the Court to focus on Mr. Ciarpelli's unlawful conduct on January 6, 2021. The Government cites a number of cases where this Court sentenced particular defendants to periods of incarceration. In *United States. v Anthony Alfred Griffith*, 21-cr-244-CKK this Court sentenced Mr. Griffith to six months incarceration. Mr. Griffith, unlike Mr. Ciarpelli, failed to accept responsibility for his conduct by pleading guilty. The defense urges this Court to focus on the otherwise law abiding 68-year life that Mr. Ciarpelli has lived without ever before being charged with any crime.

Probation, in the Sentencing Recommendation (Document 71), states, "[o]utside of this negative behavior by the defendant, he is a native of Syracuse, New York, and its surrounding areas. He graduated high school in 1973 and served in the United States Marine Corps from 1973 to 1975. After his service he eventually obtained employment where his father worked until the business closed its doors in 1980. Since that time, he bought and rented homes to provide for his wife and children. He maintains numerous rental properties as his source of income and has a vacation home in Florida with his wife who is a retired school secretary from a high school in New York. Mr. Ciarpelli has not committed any prior crimes and has not engaged in any criminal behavior after the events on January 6, 2021.

Despite Albert's negative behavior on that day, he does not appear to have exhibited any

violence or destructive behavior. A sentence of probation, a fine and community service should provide adequate deterrence in this case. It is hopeful that Mr. Ciarpelli will continue what has been a lawful lifestyle especially if provided this opportunity by the Court to serve a term of probation over imprisonment." The defense agrees with the sentencing recommendation of the United States Probation Office.

## INCARCERATION REQUESTS

Should the Court determine that a sentence of incarceration is warranted in this case, the defendant requests that he be incarcerated in Westley Chapel, Florida area so that he can be as close to home and family as possible.

## CONCLUSION

Based upon the foregoing factors, Mr. Ciarpelli respectfully requests that the Court consider a nonguideline sentence of probation with community service, a fine and restitution.

Dated:   April 26, 2024

Respectfully submitted,

WILLIAM C. SULLIVAN, ESQ.
Attorney for Albert Ciarpelli
Bar Roll Number: 502175
Office and Post Office Address
109 South Warren Street, Suite 400
Syracuse, New York 13202